Taylor, Chief-Justice.
 

 Malicious mischief, in most of its forms, has been legislated upon in England, for the purpose of annexing a severer punishment to it than the law allowed in misdemeanor. The number of these statutes has so overlaid the Common Law offence, that it is difficult to trace any distinct account of it, and it is the best in the Commentaries. “ Malicious mischief of damage is the next species of injury to private property?
 
 *461
 
 which the law considers as a public crime. This is such as is done, not
 
 animo fnrandi,
 
 or with an intent of gain-»ng by another’s loss, which is some, though a weak excuse : but either out of a spirit of wanton cruelty or dia-holical revenge. In which it bears a near relation to the nrime of arson ; for as that affects the habitation, so this affects the other property of individuals. And therefore, any damage arising from this mischievous disposition, though only a trespass at Common Law, is now, by a multitude of statutes, made penal in the highest degree,”- — (4
 
 Blackstone,
 
 254.) The crime charged in this indictment, is accompanied with every circumstance which brings it within the foregoing definition $ and it is certainly consistent with the policy of the law, to protect property from those modes of destruction, against which all means of precaution and human prudence are unavailing. The offence in this case was done under circumstances and motives, the absence of which led the Court to believe that the indictment Landreth could not be supported — (2
 
 L. Repos.
 
 44G.) I am therefore of opinion, that there ought to be judgment fox' the State.
 

 The other Judges concurred in the opinion that judg ment should be so rendered.